### In re DEE'S ESTATE.

(Surrogate's Court, Kings County. December 6, 1913.)

TAXATION (§ 879*)—TRANSFER TAX—GIFT IN CONTEMPLATION OF DEATH.

　　Decedent, a physician living in the household of a donee and having said that the only relations he had were the people in the house and that if anything should happen to him he would see that they were cared for, delivered the subject of the gift to the donee at 10:30 p. m., and at 12 o'clock the same night was seen testing his chest with a stethoscope. He was asked if he was ill, which he denied, and, though he appeared in his ordinary health, he was found dead on the stairs of the dwelling about 2 o'clock the following morning. Held, that the gift was made in contemplation of the donor's death and was subject to transfer taxation as provided by Tax Law (Consol. Laws, c. 60) § 220, subd. 4.

　　[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1702; Dec. Dig. § 879.*]

Judicial settlement of the estate of one Dee, deceased. Appeal from an order assessing a transfer tax on an alleged gift inter vivos. Affirmed (104 N. E. 1128).

See, also, 145 N. Y. Supp. 1120.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

KETCHAM, S. ⌄This appeal presents the question whether a gift made by the decedent, which was consummated by every ceremony essential to a gift inter vivos, was taxable as a gift made "in contemplation of the death of the  *   *   *  donor." Tax Law, § 220, subd. 4. While, after some confusion of authority, it is now fairly established that such gifts may be taxable, it is not essential in this case to consider all the varying conditions which may lead to the imposition of the tax. Two facts, appearing without denial or qualifications, require the finding that in this case the transfer was "in contemplation of death" and is taxable. The donor was a physician living in the household of the donee. Prior to the gift, in speaking of the donee and her husband to the one witness whose statement is submitted, the decedent said that:

"The only relations he had was the people in the house and that is the only people he had and the people that took care of him, * * * and if anything should happen to him that he would see that they would be well taken care of for the rest of their days, because they had treated him just the same as a mother or father."

The decedent, having delivered the gift at about 10:30 in the evening, was observed at 12 o'clock of the same night by this witness, who says:

"When I came down in his office he had them things the doctor has to test his chest, testing his chest, and when he saw me he dropped them, and I asked him was he ill, and he said no."

Except for this statement, the decedent was apparently in his ordinary health when the gift was made. At about 2 o'clock the following morning he was found upon the stairs of his dwelling, dead. The cause of his death is not shown. Where a gift was bestowed by a physician who was on the same evening making a stethoscopic examination of his own chest and who had long intended to make provisions for the donee, to take effect on his death, and except for such gift had made no such provision, the transfer, though inter vivos, is taxable.

The order is affirmed.